In the Matter of ARLINGTON DIS-
COUNT COMPANY, Debtor.

Raymond J. SEITER, Jr. and Bamberger
& Feibleman, Counsel for Debtor-
in-Possession, Appellants,

v.

Stanton G. BROCK, Trustee, Appellee.

No. 18691.

United States Court of Appeals
Sixth Circuit.

March 21, 1969.

Charles B. Feibleman, Indianapolis, Ind. (Raymond J. Seiter, Jr., Cincinnati, Ohio, John K. Rickles, Indianapolis, Ind., on the brief), for appellants. Bamberger & Feibleman, Indianapolis, Ind., of counsel.

Bernard C. Fox, Cincinnati, Ohio, for appellee.

Paul Gonson, Securities & Exchange Commission, Washington, D. C. (Thomas B. Hart, Administrator, J. Kirk Windle, Special Counsel, Joel A. Haber, Atty., Chicago, Ill., Philip A. Loomis, Jr., Gen. Counsel, David Ferber, Sol., Paul Gonson, Asst. Gen. Counsel, Harvey A. Rowen, Atty., S.E.C., Washington, D. C., on the brief), for Securities & Exchange Commission.

Before WEICK, Chief Judge, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

This appeal is by leave of court and is from an order allowing fees to counsel for the debtor-in-possession, in a proceeding for the reorganization of a corporation originally instituted under Chapter XI of the Bankruptcy Act (11 U.S.C. § 701 et seq.), which was subsequently amended to comply with Chapter X (11 U.S.C. § 501 et seq.).

The District Court allowed the two attorneys representing the debtor-in-possession the amount of $7,500, which was to be applied on the retainer in that amount paid them by the debtor prior to commencement of the proceeding. The Court thus limited the allowance to the amount of the retainer "on the ground that that was the agreement of the parties and is found to be fair."

The attorneys had asked for an allowance of $40,000 for eight hundred thirty-five hours of time alleged to have been spent in representing the debtor, both before and after commencement of the proceedings. The Securities & Exchange Commission (SEC) had recommended an allowance of $15,000, including the retainer.

An examination of the record convinces us that the finding of the District Court of an agreement limiting the allowance of fees to the attorneys for the debtor to the amount of the retainer of $7,500, is not supported by substantial evidence. SEC in its brief "agrees with the appellants that the record does not support a finding of an agreement between the appellants and the debtor as to a limitation upon the attorneys' fees to be paid", and reiterated its position in the oral argument.

A review of the services rendered reveals that not all of them are properly compensable as beneficial to the estate. In our judgment, the compensable services rendered by the attorneys for the debtor were reasonably worth Seventeen Thousand Five Hundred Dollars ($17,500) and an allowance is hereby made to them in that amount, from which the paid retainer of Seventy-Five Hundred Dollars ($7,500) is to be deducted. Costs are assessed against the appellee.